IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **JEANNE PAGANO** and **DANA NORRIS**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**QUICKEN LOANS INC.**, a Michigan Corporation,<br><br>*Defendant*. | Civil Action No. 3:18-cv-00117-HES-JBT |

**QUICKEN LOANS INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), Quicken Loans Inc. ("Quicken Loans")—a multiple J.D. Power award winner for client service—moves to dismiss the First Amended Complaint ("FAC") of Plaintiffs Jeanne Pagano ("Pagano") and Dana Norris ("Norris") (collectively, "Plaintiffs") for want of personal jurisdiction (as to Norris's claims only), and for failure to state a cognizable claim under the Telephone Consumer Protection Act ("TCPA"). These are the same arguments Quicken Loans raised in its Motion to Dismiss Plaintiffs' original complaint. Dkt. No. 11. Recognizing the merit of that Motion, Plaintiffs abandoned their original complaint and filed the FAC. Notwithstanding that Quicken Loans' first Motion identified numerous jurisdictional and pleading defects in the original complaint, the same defects (and others) continue to infect the FAC. The reason is obvious: Plaintiffs cannot cure them. Dismissal is thus warranted and appropriate.

Before demonstrating the fatal jurisdictional and pleading defects in the FAC, Quicken Loans pauses briefly to respond to Plaintiffs' misleading allegations (FAC ¶ 3-5) about the litigation context in which this lawsuit arises. While Plaintiffs are quick to include allegations about other putative TCPA class actions filed against Quicken Loans in this Court and the Southern District of Florida, they omit that none of those cases resulted in a finding of liability against Quicken Loans or the certification of any class. To the contrary, each of the prior suits was defective and ended in dismissal—the same result that should attain here. One of the cases (*Legg*) was dismissed before the plaintiff moved for class certification; one (*Newhart*) was dismissed after the plaintiff's class certification motion was denied; one (*Jacobs*) was dismissed after the plaintiff's class certification motion, request for reconsideration, and Federal Rule of Civil Procedure 23(f) petition for leave to appeal were all denied; and the last (*Nece*) was dismissed after this Court (Merryday, J.) granted summary judgment in Quicken Loans' favor on

two of the plaintiff's three claims, and held that the remaining claim—about whether she requested that Quicken Loans stop calling her and, if so, whether Quicken Loans did so within a reasonable time—rested on "idiosyncratic facts." *Legg v. Quicken Loans Inc.*, No. 14-cv-61116 (S.D. Fla.) Dkt. No. 151; *Newhart v. Quicken Loans Inc.*, No. 15-cv-81250, 2016 WL 7118998 (S.D. Fla. Oct. 12, 2016) and Dkt. No. 145; *Jacobs v. Quicken Loans Inc.*, No. 15-cv-81386, 2017 WL 4838567 (S.D. Fla. Oct. 19, 2017) and Dkt. No. 186; *Jacobs v. Quicken Loans Inc.*, No. 17-90028 (11th Cir. Feb. 1, 2018); *Nece v. Quicken Loans Inc.*, No. 16-cv-2605 (M.D. Fla.) Dkt. Nos. 131 and 136. In these cases, this Court and the Southern District found that, consistent with the TCPA, Quicken Loans secured prior consent to call clients (*Nece*, *Jacobs*, and *Newhart*) and maintained procedures compliant with TCPA regulations (*Nece*). *Nece*, Dkt. No. 136 at 11 and 16-20; *Jacobs*, 2017 WL 4838567, at *2; *Newhart*, 2016 WL 7118998, at *5.

Against this background, this Court should dismiss Plaintiffs' TCPA claims here because (a) Norris pleads no factual allegations to establish this Court's jurisdiction over Quicken Loans to entertain his claims (because he is a California resident with no apparent connection to this State); and (b) Norris and Pagano fail to state cognizable TCPA claims against Quicken Loans.

First, recognizing the merit of Quicken Loans' jurisdictional arguments in its first Motion to Dismiss (Dkt. No. 11), Norris attempts to bootstrap personal jurisdiction for his individual claims (Counts 2 and 4) based on the personal jurisdiction for Pagano's individual claims. This attempt fails as a matter of law. Indeed, just last year, the Supreme Court held that jurisdiction over an in-state plaintiff's claim cannot be used to create jurisdiction over an out-of-state plaintiff's claim. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017). Moreover, while Norris attaches the label of "pendent personal jurisdiction" to his attempt to secure jurisdiction, that doctrine has no potential application here. It applies only

when a *single* plaintiff has multiple claims, at least one of which is subject to the court's jurisdiction, and pendent jurisdiction attaches to that same plaintiff's other claims. *Greene v. Mizuho Bank, Ltd.*, No. 14-cv-1437, 2017 WL 7410565, at *4–5 (N.D. Ill. Dec. 11, 2017).

Second, even if personal jurisdiction somehow existed as to Norris's claims (and it does not), his claim in Count 2 for violation of Section 227(b)(1)(B) of the TCPA (the "artificial voice or prerecorded message provision") is defectively pled. To state an artificial voice or prerecorded message provision claim, Norris must plead, among other things, that he received at least one artificial voice or prerecorded message call from Quicken Loans. But Norris alleges the receipt of no such calls at all, and so Count 2 must be dismissed.

Third, Pagano's duplicative claims (Counts 1 and 3) for violation of Section 227(b)(1)(A)(iii) of the TCPA (the "cellphone provision") are also defectively pled. To state such a claim, Pagano must plead, among other things, plausible factual allegations (not conclusions) that the challenged calls were made using an automated telephone dialing system ("ATDS"), as that term is defined in the TCPA. 47 U.S.C. § 227(a)(1). She has not. Instead, she merely regurgitates the statutory ATDS definition and cites to anonymous internet postings about calls Quicken Loans supposedly made to others (even though those postings say nothing about the statutory requirements for an ATDS). This is not enough as a matter of law. Indeed, faced with conclusory and non-specific ATDS allegations like Pagano's here, courts have not hesitated to dismiss cellphone provision claims. *Weaver v. Wells Fargo Bank N.A.*, No. 15-cv-1247, 2015 WL 4730572, at *3 (M.D. Fla. Aug. 10, 2015) (Merryday, J.); *McGinty v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) (Conway, J.). This Court should do the same here.

Finally, Pagano's claim in Count 4 for alleged violation of one of the Federal

Communications Commission's ("FCC") TCPA regulations (47 C.F.R.§ 64.1200(c)) is foreclosed as a matter of law by her own allegations. The subject FCC regulation applies only to certain "telephone solicitations," defined as calls placed without an invitation or permission. 47 C.F.R. § 64.1200(c), (f)(14). But Pagano alleges that the calls she challenges were made in response to an "inquiry." This negates any plausible inference that any of the calls she challenges were made without the requisite invitation or permission.

## BACKGROUND

### A. Procedural History

Plaintiffs filed their original complaint on January 18, 2018. Dkt. No. 1. On March 16, 2018, Quicken Loans timely moved to dismiss, detailing the numerous jurisdictional and pleading defects in the original complaint. Rather than oppose Quicken Loans' Motion to Dismiss, Plaintiff filed the FAC on March 30, 2018. The FAC largely asserts the same defective claims as the original complaint, and adds a claim (Count 2) on behalf of Norris purporting to state a claim under the TCPA's artificial voice or prerecorded message provision.

### B. Norris's Defective Artificial or Prerecorded Voice Claim (Count 2)

In the FAC, Norris continues to allege that he is a California resident (FAC ¶ 9), that his residential phone number was registered on the National Do Not Call registry, and that beginning on or around December 5, 2017, he "began to receive a series of unwanted autodialed calls" (six calls in total) on his residential phone number (FAC ¶¶ 41-45). He does not allege any connection between his claims and Florida. Norris also does not plead the content of the calls other than to allege that he "asked for the calls to stop" during this first call. *Id.* Based on these allegations, Norris purports to assert a claim under the artificial voice or prerecorded message provision of the TCPA. That provision relates to "telephone call[s] to any residential telephone

line using an artificial or prerecorded voice to deliver a message." 47 U.S.C. § 227(b)(1)(B). Yet, Norris makes no allegations at all that any of the six calls he allegedly received utilized an artificial voice or prerecorded message. To the contrary, he alleges that he spoke to live agents during the calls. FAC ¶ 43.

### C. Pagano's Defective Cellphone Provision Claims (Counts 1 and 3)

Pagano, a Florida resident, alleges that, on June 10, 2017, she received three telephone calls from Quicken Loans—one she did not answer and two she did—on an alleged cellphone number that was purportedly used by her now-deceased husband. FAC ¶¶ 8, 26, 28, 29, 31, 32. According to Pagano, these calls violated the cellphone provision of the TCPA—a claim Pagano makes in both Counts 1 and 3. In support of these duplicative claims, she alleges that, during at least two of the calls, Quicken Loans specifically asked to speak to her late husband. *Id.* ¶¶ 29, 31. During the second call, Pagano contends that the Quicken Loans' team member (employee) with whom she spoke stated that he was responding to an inquiry from Pagano's late husband. FAC ¶ 31. Beyond this, however, Pagano does not plead the content of any of the calls she challenges, except to vaguely assert that she asked for Quicken Loans to stop calling during the second call. *Id.* ¶ 30, 31. Pagano alleges that neither she, nor her late husband, gave prior express written consent to receive the challenged calls, and that her alleged phone number had been registered on the National Do Not Call registry prior to receiving the calls. FAC ¶¶ 26, 37.

### D. Pagano's and Norris's FCC Regulation Claim (Count 4)

In Count 4, Plaintiffs purport to state a separate claim for violation of 47 C.F.R. § 64.1200(c).[1] That regulation prohibits "initiat[ing] any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national

---

[1] Confusingly, Count 4 is brought on behalf of "Plaintiffs," incorporates prior allegations for Pagano only (FAC ¶ 78), but then refers to alleged calls made to both "Plaintiffs Pagano and Norris" (FAC ¶¶ 83-86).

5

do-not-call registry" without permission, invitation, or established business relationship. *Id.* Plaintiffs predicate this claim upon the same factual allegations as those underlying Counts 1, 2, and 3.

## **THE APPLICABLE LEGAL STANDARDS**

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009)). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). "[V]ague and conclusory allegations . . . are insufficient to establish a prima facie case . . . ." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual material . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A facially plausible claim must allege facts that are more than merely possible . . . . The plausibility standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations and quotation marks omitted). While this Court must assume the truth of well pleaded factual allegations, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Applying these well-known standards to the FAC demonstrates that all of Plaintiffs' claims should be dismissed.

## ARGUMENT

### I. THE FAC CONFIRMS THAT THERE IS NO PERSONAL JURISDICTION OVER QUICKEN LOANS FOR NORRIS'S CLAIMS.

This Court must dismiss Norris from this lawsuit because—notwithstanding that this is his second try—he has failed (again) to plead facts sufficient to make out a *prima facie* case that this Court has personal jurisdiction (general or specific) over Quicken Loans as to his claims (Counts 2 and 4).

There is no general jurisdiction here because Quicken Loans is undeniably not "at home" in Florida. *Daimler AG v. Bauman*, 571 U.S. 117, 136-37 (2014). As the Supreme Court explained in *Daimler*, general jurisdiction over a corporation turns on whether that corporation is incorporated or has its principal place of business in the forum. *Id.* Norris alleges (correctly) that Quicken Loans is a Michigan corporation, with its principal place of business in Michigan. FAC ¶ 10. General jurisdiction is therefore lacking as a matter of law on Norris's own pleading.

Undeterred, Norris incorrectly insists that this Court has general jurisdiction over Quicken Loans because it "solicits and conducts significant business in this District." FAC ¶ 13. In *Daimler*, however, the Supreme Court rejected *this exact formulation* of general jurisdiction as "unacceptably grasping." *Daimler*, 571 U.S. at 138 (invalidating general jurisdiction premised on a corporate defendant's "substantial, continuous, and systematic course of business" in the forum). Norris also alleges that general jurisdiction is proper because Quicken Loans "has employees who reside and work in this District." FAC ¶ 13. Even setting aside that Norris pleads no factual allegations in support of this contention, the Supreme Court has also *explicitly rejected* any attempt to tie general jurisdiction to a corporate defendant's operations and

employees in the forum state—even when significant. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59 (2017) (general jurisdiction over railroad corporation lacking even though it had "over 2,000 miles of railroad track and more than 2,000 employees" in the forum, because it was incorporated and principally located elsewhere). Norris has thus failed to plead a *prima facie* case of general jurisdiction.

Norris makes no attempt to plead specific jurisdiction in the FAC. This is not surprising because Norris concedes that (a) he is a California resident with no connection to Florida, and (b) only Pagano (and not him) received calls in Florida. FAC ¶ 12. These allegations are fatal to specific jurisdiction because that doctrine hinges on the defendant's contacts with the forum in connection with the plaintiff's claims. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). There is (and can be) no such Florida connection as to Norris's claim because, by his own admission, he is a California resident (FAC ¶ 9) who challenges calls allegedly made to his "residential" phone in California (FAC ¶¶ 41-50).

Unable to make a *prima facie* case for general or specific jurisdiction, Norris invites this Court to exercise "pendent personal jurisdiction" over his claims. FAC ¶ 14. He predicates his theory exclusively upon this Court's personal jurisdiction over Quicken Loans with respect to Pagano's separate and distinct individual claims—not anything connecting Norris to this State. This Court should not hesitate to reject Norris's invitation and "theory" as contrary to law. Indeed, recent Supreme Court precedent definitively forecloses Norris's effort to create jurisdiction over his claims by reference to Pagano's. In *Bristol-Myers Squibb*, the Supreme Court held (consistent with the requirements of Due Process) that specific personal jurisdiction over a defendant as to the claims of a resident plaintiff adds nothing to the jurisdictional analysis

of the claims asserted by other, non-resident plaintiffs. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781 (a court does not obtain specific jurisdiction over a defendant as to claims of non-resident plaintiffs due to the "mere fact that *other* plaintiffs" who reside in forum can invoke specific jurisdiction). Simply put, because Norris's attempt to sue in this Court runs afoul of *Bristol-Myers* and Due Process, this Court should dismiss his claims for lack of jurisdiction. *See Greene*, 2017 WL 7410565, at *4–5; *Spratley v. FCA US LLC*, No. 17-cv-0062, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017); *Famular v. Whirlpool Corp.*, No. 16-cv-944, 2017 WL 2470844, at *6 (S.D.N.Y. June 7, 2017); *In re Zofran (Ondansetron) Prods. Liab. Litig.*, No. 15-md-2657, 2016 WL 2349105, at *5 n.5 (D. Mass. May 4, 2016); *Demaria v. Nissan N. Am., Inc.*, No. 15-cv-3321, 2016 WL 374145, at *7-8 (N.D. Ill. Feb. 1, 2016); *Tulsa Cancer Inst., PLLC v. Genentech Inc.*, No. 15-cv-157, 2016 WL 141859, at *4 (N.D. Okla. Jan. 12, 2016).

This conclusion is reinforced by the reality that pendent personal jurisdiction has no application to the circumstances here. That doctrine provides that, "once a court has personal jurisdiction over a defendant as to *one* claim brought by the plaintiff, the court may assert jurisdiction over *additional* claims brought by that [same] plaintiff." *Greene*, 2017 WL 7410565, at *5. It does *not* allow a plaintiff without personal jurisdiction to tack onto the personal jurisdiction of another plaintiff. *See In re Bard IVC Filters Prods. Liab. Litig.*, No. 16-cv-2853, 2016 WL 6393596, at *4 n.4 (D. Ariz. Oct. 28, 2016) (pendent personal jurisdiction "applies to claims asserted by a single plaintiff, not claims asserted by different plaintiffs"); *Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, No. 13-cv-1080, 2014 WL 50856, at *2 (E.D. Mo. Jan. 7, 2014) (*vacated in part on other grounds*, 2014 WL 1347531 (E.D. Mo. Apr. 4, 2014)) ("Pendent personal jurisdiction does not stand for the proposition that a second plaintiff can essentially 'piggyback' onto the first plaintiff's properly established personal jurisdiction."). The

9

two Southern District cases Norris cites in Paragraph 14 of the FAC compel no different conclusion, because each concerns the application of pendent personal jurisdiction to the claims of a single plaintiff. *Siegmund v. Xuelian Bian*, No. 16-cv-62506, 2017 WL 5644599, at *10 (S.D. Fla. Sept. 29, 2017) (where personal jurisdiction over defendant was established as to plaintiff's federal law claims, personal jurisdiction could be asserted over defendant as to plaintiff's state law claims as well); *Exhibit Icons, LLC v. XP Cos., LLC*, 609 F. Supp. 2d 1282, 1299 n.15 (S.D. Fla. 2009) (personal jurisdiction over defendant for plaintiff's tort claim sufficient to extend jurisdiction over plaintiff's contract claims).

## II.     NORRIS FAILS TO STATE A COGNIZABLE CLAIM IN COUNT 2.

Even assuming that this Court had jurisdiction over Norris's claims (and it does not), Norris's claim in Count 2 also must be dismissed for the independent reason that it fails to state a claim. In Count 2, Norris alleges that Quicken Loans violated the artificial voice or prerecorded message provision of the TCPA (47 U.S.C § 227(b)(1)(B)) by "making telemarketing telephone calls" to his "residential telephone[] without prior express written consent, and by utilizing an ATDS." FAC ¶ 71. Norris has apparently confused or conflated the TCPA's artificial voice or prerecorded message provision, which prohibits "initiat[ing] any telephone call to any residential telephone line *using an artificial or prerecorded voice* to deliver a message without the prior express consent of the called party," with the statute's cellphone provision (Section 227(b)(1)(A)), which restricts making certain calls to cellphones "using any *automatic telephone dialing system*" without prior express consent. Norris, of course, has no potential claim under the cellphone provision, because he alleges calls to his residential/landline number. *Bonanno v. New Penn Fin., LLC*, No. 17-cv-229, 2017 WL 3219517, at *5-6 (M.D. Fla. July 28, 2017) (Moody, J.) (dismissing claim for violation of Section 227(b)(1)(A) where the challenged calls

10

were placed to a landline); *Orsatti v. Quicken Loans, Inc.*, No. 15-cv-09380, 2016 WL 7650574, at *3 (C.D. Cal. Sept. 12, 2016) ("As a matter of law, the ATDS prohibition under § 227 applies to cellular phones, emergency lines, or special care facilities, not residential phone lines.").

As to the artificial voice or prerecorded message provision, Norris has failed to state a claim because the FAC contains no allegations that Quicken Loans placed a single telephone call to Norris using "an artificial or prerecorded voice" (and it did not). *See id.* ¶¶ 41–50. To the contrary, he pleads that he spoke to a live "agent" during the calls. *Id.* ¶ 43. In the face of his allegation of live calls, Norris has pled no plausible claim for violation of the TCPA's artificial voice or prerecorded message provision and so Count 2 must be dismissed. *Cummings v. Rushmore Loan Mgmt. Serv.*, No. 17-cv-1652, 2017 WL 4005455, at *3 (M.D. Fla. Sept. 12, 2017) (Covington, J.) (dismissing TCPA claim because plaintiff did "not allege that she heard an artificial or prerecorded voice during a call"); *Orsatti*, 2016 WL 7650574, at *3 ("[Section] 227(b)(1)(B), which applies to calls made to residential phone lines . . . prohibits calls to residential telephone lines only if they are made by automated or prerecorded voices, and the Plaintiff does not allege that she was contacted by an automated or prerecorded voice.").

### III. PAGANO'S CLAIMS IN COUNTS 1 AND 3 FAIL TO STATE A CELLPHONE PROVISION CLAIM.

Counts 1 and 3 assert duplicative claims by Pagano for violation of the TCPA's cellphone provision. At a minimum, one of these duplicative claims should be dismissed for the sake of judicial efficiency. *Braddy v. Infinity Assurance Ins. Co.*, No. 15-cv-119, 2016 WL1446202, at *1 (M.D. Fla. Apr. 11, 2016) (Antoon, J.). And, in any event, neither can proceed beyond the pleadings stage because Pagano has failed to adequately plead that the challenged calls were made using an ATDS, which is a required statutory element of the claim. 47 U.S.C. § 227(b)(1)(A)(iii).

11

The D.C. Circuit recently issued a unanimous ruling invalidating prior guidance by the FCC interpreting what constitutes an ATDS. The D.C. Circuit's ruling reinforces that the plain language of Congress' statutory definition of an ATDS (Section 227(a)(1)) controls. *See ACA Int'l v. FCC*, 885 F.3d 687, 693, 701-703 (D.C. Cir. 2018). In *ACA*, the D.C. Circuit held that, consistent with the statutory definition, an ATDS must "perform each of two enumerated functions: (i) storing or producing telephone numbers 'using a random or sequential number generator' and (ii) dialing those numbers." *Id.* at 693 (quoting 47 U.S.C. § 227(a)(1)). It follows, therefore, that to state a cognizable cellphone provision claim, Pagano must plead factual allegations that the challenged calls to her were made with equipment performing both functions. She has not.

Instead, for her ATDS allegation, Pagano asserts only that Quicken Loans' "Cannon" technology has the capacity to randomly *and* sequentially generate numbers and call them. FAC ¶¶ 19, 34, 61, and 75. Such parroting of the statutory elements is, of course, exactly the type of unadorned conclusion devoid of factual enhancement which the Supreme Court and numerous courts in this District have held is insufficient to plead a cognizable claim. *Twombly*, 550 U.S. at 555; *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010); *Correa v. BAC Home Loans Servicing LP*, No. 11-cv-1197, 2012 WL 1176701, at *13 (M.D. Fla. Apr. 9, 2012) (Conway, J.).

More fundamentally, however, the scant information Pagano does plead about the calls she received demonstrates that her unadorned ATDS allegation is implausible. Specifically, Pagano alleges that, during the calls she received, Quicken Loans specifically asked to speak to her late husband by name and stated that the calls were made in response to his "inquiry." FAC ¶ 29. This reveals that the challenged calls were specifically directed to the subject phone

number—which Pagano concedes was registered to her late husband. FAC ¶ 32. That specific direction to a specific number is wholly inconsistent with a claim that the number was randomly or sequentially generated and called. *See Iqbal*, 556 U.S. at 680 (allegations of unlawful conduct are implausible when the conduct is more likely explained by lawful behavior).

Faced with defective ATDS allegations similar to Pagano's here, this Court and numerous other federal courts have repeatedly dismissed claims brought under the TCPA, reiterating that plaintiffs "must plausibly allege—not merely assert—facts suggesting that the defendant used an automated telephone dialing system." *Weaver*, 2015 WL 4730572, at *3; *McGinty*, 5 F. Supp. 3d at 1340; *Cummings*, 2017 WL 4005455, at *3; *Bonanno*, 2017 WL 3219517, at *6; *Gardner v. Credit Mgmt., L.P.*, No. 14-cv-1677, 2015 WL 1235037, at *2 (M.D. Fla. March 17, 2015) (Kovachevich, J.); *Speidel v. JP Morgan Chase & Co.*, No. 13-cv-852, 2014 WL 582881, at *2 (M.D. Fla. Feb. 13, 2014) (Steele, J.); *Fleming v. Diversified Consultants, Inc.*, No. 14-cv-2196, 2014 WL 6747150, at *1 (M.D. Fla. Nov. 26, 2014) (Moody, J.). This Court should follow their lead and dismiss Counts 1 and 3.

Pagano's reference in the FAC to anonymous and unverifiable internet sources (most of which are no longer active or working) compels no different conclusion. FAC ¶¶ 18, 20. Rather, as Quicken Loans explained in its Motion to Dismiss the original complaint, the references—now recycled in the FAC—are wholly insufficient to plead the ATDS element because none of them speak to the challenged calls *to Pagano*, the technology used to make the alleged calls *to her*, or whether that technology was an ATDS within the meaning of the statute (and it is not). They thus cannot carry Pagano's ATDS pleading burden here. *See, e.g.*, *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 807 (E.D. Va. 2007). Indeed, this hodgepodge of internet references generally only concern the volume of calls purportedly placed by Quicken Loans. But, as the

D.C. Circuit recently held in *ACA*, the volume of calls placed has no bearing upon whether particular equipment is an ATDS. As the D.C. Circuit explained, the equipment's capacity for dialing large volumes of numbers does not equate to the necessary statutory capacity for "generating [random or sequential] numbers and then dialing them." *ACA*, 885 F.3d 687, 702-703.

For similar reasons, Pagano's reference to the TCPA disclosure language on Quicken Loans' website also cannot plead the ATDS element. FAC ¶ 20. That language is a disclosure, not some sort of admission that an ATDS within the meaning of the statute was used to call Pagano (and none was used). The disclosure language itself confirms the point. That language reads:

> By submitting your contact information you agree to our Terms of Use and our Security and Privacy Policy. You also expressly consent to having Quicken Loans, our Family of Companies, and potentially our mortgage partners contact you about your inquiry by text message or phone (including automatic telephone dialing system or an artificial or prerecorded voice) to the residential or cellular telephone number you have provided, even if that telephone number is on a corporate, state, or national Do Not Call Registry. You do not need to agree to receive such calls or messages as a condition of getting any services from Quicken Loans or its affiliates. By communicating with us by phone, you consent to calls being recorded and monitored.

FAC ¶ 20. Nothing in this language states or suggests that any calls—let alone any of the challenged calls to Pagano—were made using an ATDS. Rather, the disclosure simply provides that clients are consenting to receive communications from Quicken Loans through a variety of different means. *Id.*

### IV. PAGANO FAILS TO PLEAD A VIOLATION OF THE FCC'S REGULATIONS (COUNT 4).

Pagano's claim in Count 4 is also defectively pled and should be dismissed.[2] There, Pagano alleges that Quicken Loans violated FCC regulations by "initiating . . . multiple telephone solicitations" to her while her (or previously her husband's) alleged cellphone number was allegedly registered on the National Do Not Call Registry. FAC ¶ 83. But, as Quicken Loans explained in its first Motion to Dismiss (and the FAC makes no attempt to address), the FCC regulation applies only to "telephone solicitations," that is, calls placed without an invitation or permission. 47 C.F.R. § 64.1200(c), (f)(14). Yet, as noted, Pagano concedes that the calls she challenges were made in response to an "inquiry" by her late husband. FAC ¶ 29. That concession belies any plausible inference that the challenged calls were unwanted or unrequested telephone solicitation or telemarketing calls potentially actionable under Section 64.1200(c). *See Twombly*, 550 U.S. at 555; *Murphy v. DCI Biologicals Orlando, LLC*, No. 12-cv-1459, 2013 WL 6865772, at *9 (M.D. Fla. Dec. 31, 2013) (Honeywell, J.) (dismissing National Do-Not-Call claim where permission to call plaintiff's number was evident from the face of the complaint), *aff'd*, 797 F.3d 1302 (11th Cir. 2015). Count 4 must be dismissed on this basis.

### CONCLUSION

For the reasons discussed above, Plaintiffs' Complaint should be dismissed in its entirety. And, as to Plaintiff Norris, his claims should be dismissed with prejudice as to refiling them in this Court.

---

[2] For the reasons explained above (*see* Section I *supra*), this Court has no jurisdiction over Norris's claim in Count 4. Quicken Loans thus does not separately address that claim here.

Dated: April 13, 2018

Respectfully submitted,

/s/ J. Kirby McDonough
J. Kirby McDonough, Fla. Bar No. 79031
S. Douglas Knox, Fla. Bar No. 849871
**QUARLES & BRADY LLP**
101 E. Kennedy Blvd., Ste. 3400
Tampa, Fla. 33602
Tel.: (813) 387-0300
Fax: (813) 387-1800
kirby.mcdonough@quarles.com
douglas.knox@quarles.com

*Attorneys for Quicken Loans Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ J. Kirby McDonough
J. Kirby McDonough