UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JEANNE PAGANO and DANA NORRIS,**
individually and on behalf of all others
similarly situated,

    **Plaintiffs,**

v.                                                                                          CASE NO. 3:18-cv-117-J-20JBT

**QUICKEN LOANS INC.,** a Michigan
Corporation,

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** is before this Court on Quicken Loans' Motion to Dismiss First Amended Complaint (Dkt. 16); Plaintiffs' Response in Opposition (Dkt. 22); and the parties' various other supplemental authority and pleadings (Dkts. 25, 26, 27, 28, 29, 31, 34, 35, 39, 40, 41, 42).

This is an action brought by Plaintiffs on behalf of themselves, and a class of all others similarly situated, alleging that Quicken Loans violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). The four-count First Amended Complaint alleges that Quicken Loans conducted a wide-scale telemarketing campaign that featured unsolicited autodialed telephone calls to consumers' cellular phones and landlines. Counts I and II allege Quicken Loans placed telemarketing calls to Plaintiffs using an ATDS without their prior consent. Count III alleges Quicken Loans continued to make unsolicited and unwanted calls using an ATDS after receiving requests from Plaintiffs that the calls be stopped. Count IV alleges Quicken Loans initiated multiple telephone solicitations to Plaintiffs' phone numbers registered

on the Do Not Call Registry. Count IV also alleges that these multiple telephone solicitations were made within a 12 month period without Plaintiffs' prior consent.

**I. Background**

Quicken Loans, one of the largest mortgage lending companies in the United States, serves consumers by relying on whole-sale funding and the use of online applications rather than a traditional branch system. (Dkt. 14 ¶ 1).

On April 2, 2015, Pagano's cellular telephone number was registered on the Do Not Call Registry. (Dkt. 14 ¶ 26). On June 10, 2017, despite being included in the Registry, Pagano received a call on her cellular telephone, in Florida, from Quicken Loans. Pagano did not answer this call. (Dkt. 14 ¶ 28). However, approximately two hours later, Pagano received a second call from Quicken Loans; which she answered. (Dkt. 14 ¶ 29). A Quicken Loans representative asked to speak to Pagano's late husband in response to his "inquiry". *Id.* Pagano explained that her husband was deceased and that she wanted the calls stopped. (Dkt. 14 ¶ 30). Pagano insisted her husband was not looking for a mortgage or refinancing prior to his death in April 2017. (Dkt. 14 ¶ 29). In any event, Pagano received another call from a Quicken Loans representative requesting to speak with her late husband. (Dkt. 14 ¶ 31). Pagano again requested the phone calls be stopped. *Id.*

On January 25, 2011, Norris' residential telephone number was registered on the National Do Not Call Registry. (Dkt. 14 ¶ 41). On December 5, 2017, Norris received a call to his residential telephone, in California, from Quicken Loans. (Dkt. 14 ¶ 43). During this call, Norris requested the calls be stopped. (Dkt. 14 ¶ 43). Despite his request, Norris received five additional calls from Quicken Loans. (Dkt. 14 ¶¶ 44-45).

Plaintiffs maintain they had no relationship with Quicken Loans. (Dkt. 14 ¶ 37, 48). In addition, Plaintiffs allege Quicken Loans utilized the Cannon auto-dialer in placing calls to them. (Dkt. 14 ¶ 47). Plaintiffs insist the Cannon auto-dialer has the capacity to: 1) store telephone numbers using a random or sequential generator, or to dial such numbers; and 2) dial telephone numbers from a list without human intervention. *Id.*

## II. Standard of Review

A motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) has been "consistently held" as a question of law, and therefore reviewed *de novo*. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). When, as in this case, "a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)(citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Id.* "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Id.* "Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Id.*

In ruling on a Rule 12(b)(6) motion, a district court is required to construe the complaint broadly, *Levine v. World Financial Network National Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *Hawthorne v. MacAdjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). However, as the Supreme Court explained, "a formulaic recitation

of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 12(b)(6) allows "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *Watts v. Florida Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007).

The Supreme Court teaches in *Twombly* that a complaint must contain "enough factual matter (taken as true) to suggest" the required element. *Twombly*, 127 S. Ct. at 1965. The rule "does not impose a probability requirement at the pleading stage," but "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* It is adequate if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." *Id.*

### III. Discussion

Quicken Loans' motion seeks dismissal of all three of Plaintiffs' counts.[1] First, the motion argues that Norris must be dismissed because this Court lacks personal jurisdiction over his claims. Second, the motion argues that Counts I and III are duplicative, and these counts should also be dismissed for failure to adequately allege that the calls were made using an automated telephone dialing system ("ATDS"). Third, the motion argues that Count II should be dismissed for failure to state a claim. Fourth, and finally, the motion argues that Count IV Plaintiffs failed to adequately plead a violation of FCC regulations.

---

[1] Norris is no longer pursuing Count II (Dkt. 17).

4

### A. Norris' Claim

Quicken Loans alleges this Court has no personal jurisdiction over Norris' claims. Norris, according to Quicken Loans, failed to plead facts to demonstrate this Court has personal jurisdiction over Quicken Loans as to his claim in Count IV. Quicken Loans, further, alleges that this Court should reject Norris' invitation to exercise pendent personal jurisdiction over his claim. In response, Plaintiffs argue there is legal and factual overlap with both Pagano and Norris, allowing this Court to exercise pendent personal jurisdiction over Norris' claims.

Pendent personal jurisdiction is generally defined as existing whenever there is a claim "'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority' . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Courts have routinely "recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.* at 726. "*Gibbs* establishes that the pendent jurisdiction doctrine is designed to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

In essence, pendent jurisdiction allows federal courts "to hear claims against parties who would not otherwise be subject to federal jurisdiction. It arises when there is a federal claim against one party, but neither a federal claim against nor diversity jurisdiction over a second party." *Giardiello v. Balboa Ins. Co.*, 837 F.2d 1566, 1570 (11th Cir. 1988). Importantly, a district court's decision to exercise pendent jurisdiction is a discretionary one. *Williams v. Bennett*, 689 F.2d 1370, 1379 (11th Cir. 1982).

The First Amended Complaint is abundantly clear that Norris has no Florida connections. Norris is a California resident. (Dkt. 14 ¶ 9). Norris received the challenged calls in California. (Dkt. 14 ¶ 41). Quicken Loans is a corporation organized under the laws of the State of Michigan and headquartered in Detroit. (Dkt. 14 ¶ 10). It is unclear why Norris was a party to this claim. Consequently, this Court, in its discretion, determines it will not exercise pendent personal jurisdiction over Norris' Count IV claim.

**B. Counts I and III**

Quicken Loans argues Counts I and III should be dismissed because Pagano fails to adequately plead that the challenged calls were made using an ATDS—a required statutory element of the claim.

To properly allege a TCPA claim, Pagano must allege that Quicken Loans "used an 'automatic telephone dialing system or an artificial or prerecorded voice.'" *McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) (quoting 47 U.S.C. § 227(b)(1)(A)). "Use of an automatic telephone dialing system is a necessary element of a claim under the TCPA, so dismissal is required in the absence of a plausible inference that Defendant used such a system." *Id.*

Other courts examining this issue have explained "sufficient information to draw an inference an ATDS was used could consist of facts such as when the calls were made and the calls' subject matter." *White v. Synchrony Bank*, No. 815-CV-01205-T-27-AEP, 2015 WL 5821102, at *5 (M.D. Fla. Oct. 2, 2015). *White* is instructive for what allegations may sufficiently allege the use of an ATDS. In *White*, the defendant moved to dismiss the plaintiff's TCPA violation count claiming the plaintiff spoke with an actual employee during the calls, demonstrating the calls were made with an ATDS. In rejecting this argument, the Court reasoned

the plaintiff "could have been called by a predictive dialer which would dial the number automatically and then connect the call to an employee." *Id.* at 4. The Court determined the plaintiff's allegations of "how many calls there were, when they took place, and their subject [were] sufficient factual allegations to create a plausible inference that the calls were made using an ATDS." *Id.* at 5.

In this matter, Pagano alleges Quicken Loans "utilized the 'Cannon' auto-dialer in placing these calls" to her. (Dkt. 14 ¶ 34). Pagano maintained the Cannon system: "has the capacity to store telephone numbers using a random or sequential generator, or to dial such numbers;" and "has the capacity to dial telephone numbers from a list without human intervention." *Id.* What is more, Pagano alleges how many calls were made, approximately when they took place, and the subject matter of the calls. (Dkt. 14 ¶¶ 27-32). At this stage in the proceedings, this Court determines that these are sufficient allegations to withstand Quicken Loans' motion.

### C. Count IV

Quicken Loans argues Count IV must be dismissed because the calls to Pagano do not qualify as "telephone solicitations", under the FCC regulations. Quicken Loans insists the calls to Pagano were in response to an "inquiry" by her late husband.

The First Amended Complaint alleges:

Plaintiff received a call approximately two hours later at 3:16 p.m. and answered the phone to find out who was placing these unwanted calls. Quicken Loan's representative asked to speak to Plaintiff's late husband Joe and explained it was responding to his inquiry. Joe passed away in April of 2017 and he was not looking for a mortgage, or refinancing prior to the time of his death.

(Dkt. 14 ¶ 29). The First Amended Complaint is clear Pagano's husband was not seeking services from Quicken Loans at the time of the calls. This Court is limited to the First Amended

Complaint in resolving the issues in this motion. *Levine*, 437 F.3d at 1120. Consequently, this Court is unable to resolve this factual dispute, and Count IV need not be dismissed for this reason.

Accordingly, it is **ORDERED**:

1. Defendant Quicken Loans Inc.'s Motion to Dismiss (Dkt. 16) is **GRANTED IN PART and DENIED IN PART** as follows:

   a. Defendant Quicken Loans Inc.'s Motion to Dismiss as to Plaintiff Dana Norris' claim in Count IV is **GRANTED**, and Plaintiff Norris' claim in Count II is dismissed; and

   b. Defendant Quicken Loans Inc.'s Motion to Dismiss as to Plaintiff Jeanne Pagano is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this _18__ day of July, 2018.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Ignacio J. Hiraldo, Esq.
Stefan Coleman, Esq.
Manuel S. Hiraldo, Esq.
Brooks R. Brown, Esq.
J. Kirby McDonough, Esq.
S. Douglas Knox, Esq.
William K. Tayman, Esq.